UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSIEL RODRIGUEZ, | 1:09-cv-01119-BAK-GSA (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE DISTRICT OF COLORADO |
| v. | |
| R. WILEY, | |
| Respondent. | |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On June 26, 2009, Petitioner, who is currently incarcerated at the United States Penitentiary in Florence, Colorado, filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of California, challenging that facility's withdrawal of money from Petitioner's inmate account when he has less than ten dollars in the account. (Doc. 1). Through the Court's own review of the Bureau of Prison's website, it has determined that Respondent "R. Wiley" is the warden of the facility where Petitioner is presently incarcerated in Florence, Colorado. That facility is located within the jurisdiction of the United States District Court for the District of

1

Colorado, and is not within the jurisdiction of this Court.[1]

Federal courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241. The court issuing the writ must have personal jurisdiction over the custodian. See, Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Malone V. Calderon, 165 F.3d 1234 (9th Cir. 1999); Subias v. Meese, 835 F.2d 1288, 1289 (9th Cir.1987). Without such jurisdiction, the Court has no authority to direct the actions of the restraining authority. See, Malone, 165 F.3d at 1237. In the interests of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

The Petitioner in the instant case is not incarcerated at a facility within this Court's jurisdiction. Accordingly, in the interests of justice, the Court HEREBY ORDERS the instant action be transferred to the United States District Court for the District of Colorado.

IT IS SO ORDERED.

Dated:   **July 2, 2009**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner notes that he previously filed two actions in this Court when he was incarcerated at the United States Prison, Atwater, California, which is within the jurisdiction of this Court, and that those actions were allowed to proceed until they were dismissed. In this case, however, when Petitioner filed the instant petition he was already incarcerated within the jurisdiction of the District of Colorado, not within the jurisdiction of this Court. Accordingly, for the reasons discussed infra, the Court cannot simply allow this case to proceed as it did with the prior two actions.